[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2006
THOMAS K. KAHN
CLERK

No. 05-14037
Non-Argument Calendar

_____

Agency No. A74-942-234

JEAN RYEAC MICHEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 12, 2006)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Jean Ryeac Michel is a native and citizen of Haiti. He attempted to enter the United States on May 22, 2000, at the Port of Palm Beach, Florida, as a stowaway aboard a vessel. He was detained by the Immigration and Naturalization Service on that date and paroled into the United States on June 19, 2000. On January 22, 2001, he filed an application for asylum, withholding of removal under the Immigration and Naturalization Act ("INA"), and relief under the U.N. Convention Against Torture ("CAT").

On February 4, 2004, an Immigration Judge ("IJ") held a hearing on the merits of Petitioner's application. After considering the evidence presented – principally Petitioner's testimony – the IJ determined that Petitioner had failed to establish eligibility for asylum, withholding of removal, and CAT relief. The IJ found not credible Petitioner's testimony regarding his alleged persecution at the hands of Lavalas supporters, noting that there were material inconsistencies between his testimony and the information he supplied in his asylum application. Furthermore, he provided no documentary or other corroborative evidence to support his testimony.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On June 24, 2005, the BIA affirmed the IJ's decision without opinion. Petitioner now seeks review in this court. His petition presents a straightforward

issue: whether substantial evidence supports the IJ's determination that he failed to carry his burden of demonstrating eligibility for asylum, withholding of removal under the INA, and CAT relief.[1]

We consider this issue with the following principles in mind. To the extent the IJ's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's findings of fact are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1283-84 (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, [we] must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding-of-removal claim). That evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a

---

[1] When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA expressly adopted the IJ's decision, we review that decision.

3

reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S.Ct. 2245 (2005).

An alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). "[T]he weaker the applicant's testimony, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). When the IJ enumerates an applicant's inconsistencies and is supported by the record, we "may not substitute [its] judgment for that of the IJ with respect to its credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004). Additionally, "the IJ's extremely detailed adverse credibility determination alone may be sufficient to support the IJ's denial of [a petitioner's] petition . . . ." Id. Although we have not directly addressed the issue in a published decision, both the Third and the Ninth Circuits have held that an adverse credibility finding must go to the "heart of the asylum claim," and not be based on minor discrepancies, inconsistencies, and omissions. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (persuasive authority); Akinmade v. INS, 196 F.3d 951, 954 (9th Cir. 1999)

4

(same).[2]  Further, an adverse credibility determination does not alleviate the IJ's duty to consider all of an applicant's evidence.  Forgue, 401 F.3d at 1287.  An IJ "must make clean determinations of credibility."  Yang, 418 F.3d at 1201.  The IJ made such a "clean" determination.  We turn now to Petitioner's argument that substantial evidence does not support the IJ's finding that Petitioner's testimony lacked credibility.

Petitioner argues that substantial evidence does not support the IJ's adverse credibility determination because the inconsistencies in his testimony were minor and did not go to the core of his claim.  Further, he claims that the evidence showed that any inconsistencies in his testimony were due to problems with translation and his unfamiliarity with the hearing procedure.  He also contends that he was not required to submit corroborating evidence as his testimony established his credibility, and the circumstances of his escape from Haiti made obtaining such evidence impossible.

Going to the merits of his asylum claim, Petitioner argues that the attack by members of the Lavalas party on his house, the subsequent beating of his family,

---

[2]Congress amended the law regarding credibility determinations, but those changes only apply to applications for asylum filed after May 11, 2005.  See Section 101(h)(2) of the REAL ID Act of 2005, H.R. 1268, 109th Cong., Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005) ("REAL ID Act").  Under the new law, the credibility determination is based on the totality of the circumstances, which may include inaccuracies or falsehoods that do not go to the "heart of the applicant's claim."  Id. at § 101(a)(3)(B)(iii).  As Michel filed his application in December 2000, his application is unaffected by this change.

and the burning of his store qualify as past persecution. In addition, the Government did not satisfy its burden in proving that Lavalas-led persecution was not countrywide. This burden, he submits, was hard to overcome because Lavalas's persecution is government-sponsored.

We are not persuaded. We find that substantial evidence supports the IJ's conclusion that Petitioner's testimony at the asylum hearing was inconsistent and differed from the statements in his asylum application and his "credible fear" interview. First, Petitioner stated in his asylum application that his wife, parents, and siblings had all been beaten on the night of April 1, 2000, but at the asylum hearing, he testified that his siblings were not present at the family home that evening. He was also inconsistent on several occasions in explaining when he learned of the burning of his shop and he made inconsistent statements about the details regarding the shots fired by Lavalas members at his house and at him on April 1, 2000. These inconsistencies go to the heart of his claim because they concern the severity of the events of April 1, 2000, events upon which he based his claims of past persecution. In addition lacking credibility, Petitioner's case suffered from Petitioner's failure to present any corroborating evidence to substantiate his testimony. Aside from finding Petitioner's testimony not credible,

6

the IJ saw nothing else in what he presented that demonstrated his eligibility for asylum.

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or the Secretary of the DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Al Najjar, 257 F.3d at 1287

7

(internal quotations and citation omitted) (emphasis in original).  An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion.  INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).  "[A]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground  for a well-founded fear of political persecution within the meaning of the INA."  Al Najjar, 257 F.3d at 1289.

"'Persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'"  Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation omitted).  If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country and it would be reasonable to expect him to do so.  8 C.F.R. § 208.13(b).  If past persecution is shown, the burden then shifts to the Government to show by a preponderance of the evidence that (1) there is a fundamental change in circumstance such that the alien no longer has a well-founded fear of persecution;

or (2) the alien could avoid future persecution by relocating to another party of his country or place of last habitual residence and under all the circumstances it would be reasonable to expect the alien to do so.  8 C.F.R. § 208.13(b)(1)(i)(A) & (B).

An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat in his country to his life or freedom on a protected ground.  Id. § 208.13(b)(2).  To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable."  Al Najjar, 257 F.3d at 1289.  A "well-founded fear" of persecution may be established by showing (1) a reasonable probability of personal persecution that cannot be avoided by relocating within the subject country, or (2) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part.  8 C.F.R. § 208.13(b)(1) & (2).  However, if the IJ finds that the alien could avoid a future threat by relocating to another part of his country, he cannot demonstrate a well-founded fear of persecution.  See 8 C.F.R. § 208.13(b)(1)-(2).  Similarly, if an applicant's family continues to reside in the area in which the applicant claims that he will be persecuted upon return, relocation is possible.  Ruiz v. United States Attorney General, 440 F. 3d 1247, 1259 (11th Cir. 2006).

Lastly, the evidentiary burdens for withholding of removal and CAT relief are greater than that imposed for asylum; thus, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal or CAT relief. Al Najjar, 257 F.3d at 1292-93.

Petitioner presented testimony regarding events in Haiti that, if true, might amount to past persecution. Since substantial evidence supports the IJ's determination that his testimony was not credible, we look to other parts of the record to determine whether he suffered past persecution. The State Department's Profile of Asylum Claims and Country Conditions indicates that Aristide opposition group members such as Petitioner did suffer harassment, but this evidence does not compel a finding that he suffered past persecution. Also, the U.S. State Department Country Report on Haiti for 2002 did not provide any support for his claim of past persecution. Without evidence to substitute for his testimony regarding the Lavalas assault on his home, he could not carry his burden to establish past persecution.

Substantial evidence also supports the IJ's finding that Petitioner did not establish a "well-founded fear." First, he was able to live in Port-au-Prince for six weeks without any persecution by Lavalas. Secondly, his family resides near Bas Limbe, in the town of Le Cap, and has not been subject to further persecution.

These facts indicate that relocation within Haiti was possible. In short, substantial evidence supports the IJ's decision that he did not have a "well-founded fear" of persecution and thus did not qualify for asylum relief.

Because Petitioner failed to sustain the evidentiary burden required for asylum relief, he could not meet the standard required to receive withholding of removal or CAT relief.

PETITION DENIED.